IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. LEVINE,<br><br>    Plaintiff,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, JOSEPH DUGGAN<br><br>    Defendants.<br>                                           / | No. C 03-02434 WHA<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |

**INTRODUCTION**

In December 2004, after summary judgment was entered in favor of defendants, plaintiff Carol A. Levine belatedly filed a notice of appeal and a motion for extension of time to file a notice of appeal. This Court denied the motion, but did not reach the merits of her claim. The Ninth Circuit vacated and remanded for consideration on the merits. This order addresses the merits of plaintiff's motion, and for the following reasons, the motion is **GRANTED.**

**STATEMENT**

On November 24, 2004, this Court granted summary judgment on all claims in favor of defendants. Judgment was entered accordingly on the same day. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), any notice of appeal by plaintiff was due within thirty days. Plaintiff did not file a notice of appeal within the thirty-day period, but did file a late notice of appeal on December 29, 2004. On the same day, she also filed a letter explaining why she missed the filing deadline. According to the letter, she had been represented by counsel, Kelly

1  Armstrong, during the proceedings before this Court. Plaintiff had apparently instructed
2  Armstrong numerous times to preserve her appeal rights, but Armstrong did not file any notice
3  of appeal. Because plaintiff was unrepresented, she claimed that her "lack of expertise" and
4  inability to find counsel during the holiday season warranted an extension of time to file her
5  notice of appeal (Levine Exh. A). According to the docket, Armstrong was also terminated as
6  counsel on December 29 (Civil Docket 12/29/2004).

7  On January 24, 2005, still proceeding *pro se*, plaintiff filed a formal motion for an
8  extension of time. In the declaration supporting the motion, she reiterated the assertions in her
9  letter from December 29. She explained that she received a letter from Armstrong on January 3
10 informing plaintiff that Armstrong would not represent plaintiff on any appeal. Plaintiff
11 "desperately" tried to retain other counsel but no attorney would represent her, as Armstrong
12 was still listed as plaintiff's attorney of record (Levine Decl. ¶¶ 1-7).

13 On February 3, 2005, this Court denied the motion for an extension of time. The
14 February 3 order held that the relief requested by plaintiff would constitute an advisory finding
15 that the notice was timely. Plaintiff appealed the denial of her motion for an extension of time
16 to the Ninth Circuit. The Ninth Circuit vacated and remanded for consideration of the merits of
17 plaintiff's extension motion.

**ANALYSIS**

19 Rule 4(a)(5)(A)(ii) provides that a district court may extend the time to file a notice of
20 appeal if, "regardless of whether its motion is filed before or during the 30 days after the time
21 prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The
22 Supreme Court has stated:

> The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to *esp[ecially] through carelessness.*" Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. . . . Congress plainly contemplated that the courts would be permitted, where appropriate to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. . . . .

2

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" . . . is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant. . . .
>
> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 392, 395 (1993); *see also Marx v. Loral Corp.*, 87 F.3d 1049, 1044 (9th Cir. 1996) (applying *Pioneer* to Rule 4(a)(5)).

Considering the balancing test created by *Pioneer*, this order finds that plaintiff has demonstrated that her notice of appeal was untimely due to excusable neglect. As recounted above, plaintiff was represented by counsel when she opposed defendants' summary judgment motion before this Court. According to plaintiff, she believed that Ms. Armstrong would represent plaintiff on appeal. After judgment was entered, plaintiff told Ms. Armstrong "to either seek reconsideration of the court's order or to appeal it" and "asked [Ms. Armstrong] to file the notices which would be necessary to protect [plaintiff's] appeal rights." Plaintiff's notice of appeal was due by December 27, 2004.[*] No notice was filed by that date. Plaintiff, proceeding *pro se*, filed a late notice of appeal on December 29. Plaintiff did not learn that Ms. Armstrong would not represent her on appeal until January 3, 2005.

A *lawyer's* miscalculation of time in which to file a notice of appeal does not constitute "excusable neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994). Here, however, it is not clear that plaintiff was effectively represented by counsel following the grant

---

[*] Technically, thirty days from entry of judgment would have been Friday, December 24, 2004. That day, however, was a court holiday in observance of Christmas. Federal Rule of Civil Procedure 6(a) provides "[i]n computing any period of time prescribed or allowed by these rules, . . . [t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." The first business day after the holiday weekend was Monday, December 27.

3

1  of summary judgment. Indeed, Ms. Armstrong did not file the untimely notice of appeal;
2  plaintiff filed the notice by herself. Plaintiff should not be penalized for an omission by
3  counsel, especially in light of the uncertainty of the attorney-client relationship immediately
4  before the notice of appeal was due. Excusable neglect is not "limited strictly to omissions
5  caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S.
6  at 392. Here, Ms. Armstrong was at least partly to blame for the late-filed notice.

7  Moreover, plaintiff diligently tried to preserve her appellate rights. She contacted other
8  attorneys, but was unable to find alternate representation. She was provided assistance, albeit
9  incorrect, in calculating the filing deadline for the notice of appeal (Levine Decl. ¶ 5). The facts
10 do not suggest that the late filing was purely the result of plaintiff's negligence or circumstances
11 completely within plaintiff's control. As the Ninth Circuit has held, "[w]hile *pro se* litigants are
12 not excused from following court rules, it is not apparent that [plaintiff's] failure to respond to
13 the motion to dismiss resulted only from a failure to read and attempt to follow court rules."
14 *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). This order finds that
15 plaintiff acted in good faith when, possibly without the effective assistance of counsel, she filed
16 her notice of appeal late.

17 Considering the other *Pioneer* factors supports a finding of excusable neglect. The
18 delay was not significant — the notice of appeal was only two days late. Accordingly, there
19 would not have been a substantial impact on the judicial proceedings. Moreover, there was no
20 significant danger of prejudice to defendants by permitting a late-filed notice of appeal. Under
21 *Pioneer*'s "flexible understanding" of excusable neglect, this order finds that plaintiff must be
22 excused from her failure to file a timely notice of appeal. *Marx*, 87 F.3d at 1054.

23 At the hearing on this motion, defendants relied on *Springer v. Windham*, 382 F. Supp.
24 2d 158 (D. Me. 2005). In that case, the plaintiff filed a late notice of appeal *pro se*, even though
25 he had been represented in the case. The plaintiff made numerous attempts to contact his
26 lawyer, but was unable to obtain information about his case from the lawyer. The court found
27 that while the lawyer may have been negligent, there was no excusable neglect because the
28 plaintiff had been represented.

4

Although the facts of *Springer* appear to be similar to those in the instant case, this order declines to follow that decision. The *Springer* court did not apply the "flexible" understanding of excusable neglect that the Ninth Circuit has applied in similar situations. According to the docket, plaintiff, like the plaintiff in *Springer*, was represented at the time the notice of appeal was due. But plaintiff's omission must be excused where, as here, the unrebutted record establishes that the attorney's representation was deficient and plaintiff was herself diligent in trying to preserve her appeal rights.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for an extension of time is **GRANTED**. The notice of appeal filed on December 29, 2004 shall be construed as timely. Plaintiff may now pursue an appeal of her substantive claims. The responsibility is on plaintiff to docket and to pursue her appeal in a timely way.

**IT IS SO ORDERED.**

Dated: October 26, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5